# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

VALERIE MARTINEZ,

      Plaintiff,

vs.                                        No. CIV 18-0201 JB\GBW

NICK NARANJO, individually and in his
official capacity as a Member of the Jemez
Mountains Electrical Cooperative; LEO
MARQUEZ, individually and in his official
capacity as a Member of the Jemez Mountains
Electrical Cooperative; DONNA MONTOYA-
TRUJILLO, individually and in her official
capacity as a Acting General Member of the
Jemez Mountains Electrical Cooperative;
LAURA RENDON, individually and in her
official capacity as a Executive Assistant to the
Member of the Jemez Mountains Electrical
Cooperative, and the JEMEZ MOUNTAINS
ELECTRICAL COOPERATIVE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Opposed Motion to Strike

Pursuant to Rule 12(f), or in the Alternative Motion for a More Definite Statement Pursuant to

Rule 12(e) as to Insufficient Answers, filed June 4, 2018 (Doc. 13)("Motion to Strike"). The

Court held a hearing on September 12, 2018. The primary issues are: (i) whether the Court

should strike or require the Defendants to amend defenses in their Answer to Complaint for

Damages Arising from Conspiracy to Interfere with Employment, Defamation/Slander/Invasion

of Privacy, Violation of First Amendment Rights, Violation of Equal Protection, Violation of

42 U.S.C. 1985 and Violation of the New Mexico Whistleblower Protection Act, filed April 13,

2018 (Doc. 9)("Answer"), because the Defendants state negative defenses; and (ii) whether the

Court should deem admitted or require the Defendants to amend parts of their Answer for not properly responding to Martinez' Complaint for Damages Arising from Conspiracy to Interfere with Employment, Defamation/Slander/Invasion of Privacy, Violation of First Amendment Rights, Violation of Equal Protection, Violation of 42 U.S.C. § 1985 and Violation of the New Mexico Whistleblower Protection Act, filed March 1, 2018 (Doc. 1)("Complaint"), because responses 1-6, 106, 115-119, and 127 state the Complaint makes a legal conclusion, see Motion to Strike ¶ 8, at 5, responses 16-20 and 56 respond that "documents speak for themselves," see Motion to Strike ¶ 9, at 5, and responses 60, 74, and 97 avoid responding directly to the averment, see Motion to Strike ¶ 10, at 5-6. The Court will deny Plaintiff Valerie Martinez' requests that the Court strike or require a more definite statement of the Defendants' defenses, because the Court concludes that Martinez did not timely file the Motion to Strike and that she filed the motion for a more definite statement in response to an answer, which does not require a responsive pleading. The Court further concludes that the Defendants' responses 1 through 6 do not respond fairly to the Complaint, because they do not admit, deny, or make a disclaimer about a lack of information. Accordingly, the Court will require the Defendants to amend these responses.

## FACTUAL BACKGROUND

The Court takes its facts from the Complaint. The Court provides these facts for background. It does not adopt them as the truth, and it recognizes that these facts are largely Martinez' version of events.

This action arises from events surrounding the termination of Martinez' employment on October 27, 2017. See Complaint ¶¶ 1-98, at 1-12. Martinez was the Director of Member

Services at Defendant Jemez Mountains Electric Cooperative ("Jemez Cooperative"). See Complaint ¶ 7, at 2. She resides in Espanola, New Mexico. See Complaint ¶ 7, at 2. Defendant Donna Montoya-Trujillo was the acting manager of the Jemez Mountains Electric Cooperative at the time the events alleged in the Complaint occurred. See Complaint ¶ 8, at 2. Laura Rendon was and is the Executive Assistant to the Board of the Jemez Mountains Electric Cooperative ("Board"). See Complaint ¶ 11, at 2. Montoya-Trujillo and Rendon reside in Cuba, New Mexico. See Complaint ¶¶ 8, 11, at 2. Nick Naranjo and Leo Marquez were and are Board members of the Jemez Mountains Electric Cooperative. See Complaint ¶¶ 10-11, at 2. Jemez Mountains Electric Cooperative has offices in Espanola, Jemez Springs, and Cuba, New Mexico. See Complaint ¶¶ 12-13, at 2.

Martinez had twenty-nine years of experience when she began working for Jemez Cooperative around July 17, 2017. See Complaint ¶¶ 24-25, at 4. Martinez worked under Joseph Sanchez, who was then General Manager. See Complaint ¶ 27, at 4. Montoya-Trujillo was the Assistant General Manger when Martinez began. See Complaint ¶ 28, at 4. In August and September, 2017, Martinez raised concerns about several financial transactions and about the number of Naranjo's family and friends working at Jemez Cooperative. See Complaint ¶¶ 30-32, at 5. Montoya-Trujillo refused, however, to discuss the transactions, and a Board member informed Martinez that Jemez Cooperative "had a very political board." Complaint ¶¶ 31, 33, at 5.

On October 18, 2017, Sanchez left Jemez Cooperative to run for New Mexico State Representative. See Complaint ¶ 36, at 5; id.¶ 45, at 6. Before Sanchez left, Martinez volunteered to help with his campaign. See Complaint ¶ 35, at 5. Naranjo, however, had

connections to Sanchez' opponent and had expressed his hope that the opponent win.  See Complaint ¶¶ 38-44, at 6.  On October 9, 2017, Naranjo told Martinez that he would save money "by getting rid of Joseph [Sanchez] and also getting rid of [her]."  Complaint ¶ 46, at 6.  On October 19, 2017, Montoya-Trujillo took Martinez' credit card.  See Complaint ¶ 48, at 47-53.  On October 22, 2017, Martinez attended a political meeting, at which she joined Sanchez' campaign.  See Complaint ¶ 54, at 7.  On October 27, 2017, Montoya-Trujillo informed Martinez of Martinez' termination, citing restructuring.  See Complaint ¶¶ 55-58, at 7-8.

According to Martinez, management did not discuss restructuring before October 18, 2017, and the Board did not take action to restructure afterward.  See Complaint ¶¶ 59-60, at 8; id. ¶ 84, at 11.  Martinez contends that Naranjo terminated Martinez' employment, because she questioned expenses, and his friends' and family's employment at Jemez Cooperative, and because she helped Sanchez.  See Complaint ¶¶ 64-67, at 8.  Martinez alleges that Naranjo, Montoya-Trujillo, and Marquez conspired to secure Martinez' removal by telling the board that Martinez had driven a non-employee in a company car without approval, used her credit card improperly, and improperly purchased employees tickets for a University of New Mexico game.  See Complaint ¶¶ 68-85, at 9-11.  Martinez denies these allegations.  See Complaint ¶¶ 74-80, at 9-10; id. ¶ 85 at 11.  Martinez contends that Naranjo, Marquez, Montoya-Trujillo, Rendon, and Jemez Cooperative communicated with people outside Jemez Cooperative -- including Martinez' brother-in-law; an employee at KDCE radio; and the President of the Northern New Mexico College -- about her termination.  See Complaint ¶¶ 87-91, at 11-12; id. ¶¶ 93-98, at 12.

## PROCEDURAL BACKGROUND

On March 1, 2018, Martinez filed her Complaint alleging the facts recited in the "Factual Background" section. <u>See</u> Complaint at 1. Based on these facts, Martinez brought several causes of action against the Defendants. <u>See</u> Complaint ¶¶ 100-34, at 13-17. Martinez contends that: (i) Naranjo, Montoya-Trujillo, and Marquez maliciously interfered with her employment when they secured her removal, <u>see</u> Complaint ¶¶ 100-04, at 13; (ii) the Defendants defamed her by disseminating false information about her alleged theft, embezzlement, and misuse of company resources, <u>see</u> Complaint ¶¶ 105-13, at 13-14; (iii) the Defendants violated the First and Fourteenth Amendments of the Constitution of the United States of America and 42 U.S.C. § 1983 when, in response to her support for Sanchez, the Defendants terminated her employment, <u>see</u> Complaint ¶¶ 114-25, at 15-16, and (iv) the Defendants violated the Whistleblower Protection Act, New Mexico Statutes Annotated. § 10-16c-1 to -6 (1978), when they terminated her employment in retaliation for her questions about expenses and hiring, <u>see</u> Complaint ¶¶ 126-34, at 16-17.

### 1.     The Answer.

The Defendants filed their Answer on March 13, 2018. <u>See</u> Answer at 1. Martinez began the Complaint with several jurisdictional statements:

> 1. Plaintiff's complaint seeks damages caused by Defendants' conspired efforts to deprive Plaintiff of her First Amendment right of association, to violate 42 U.S.C. § 1985 and deny her equal protection under the law, as well as their conspired efforts to interfere with Plaintiff's employment and defame/slander her.
>
> . . .
>
> 2. This action arises under the First and Fourteenth Amendments of the United States Constitution, and 28 U.S.C. § 1343, 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Parties pursuant of 28 U.S.C. §§ 1331 and 1343.

4. The Court has authority to grant the requested relief pursuant to 28 U.S.C. §1343(a)(1) and (2) and to redress the deprivation under 28 U.S.C. § 1343(a)(3).

5. This Court has pendent jurisdiction over Plaintiff's state claims per 28 U.S.C. § 1367.

6. Venue lies in this district pursuant to 28 U.S.C. § 1391.

Complaint ¶¶ 1-6, at 1-2.  To these items, the Defendants respond, "the Complaint states a legal conclusion and, therefore, does not require a response."  Answer ¶¶ 1-6, at 2.  The Complaint later alleges several facts about the Board of Trustee's policies:

16. BOT [Board of Trustee Policies] 107 provides that "Information about consumer accounts, trustee, and employee records must be kept in complete confidence."

17. BOT 107 also provides that "Information relative to consumers, trustees, or employees may not be given to anyone except authorized Cooperative employees or as authorized in writing by the respective consumers, trustees, or employees."

18. BOT 107 provides that "information to third parties may only be provided upon written instruction to the General Manager."

19. BOT 102 provides that all Trustees are required to act:

> as fiduciaries, members of the BOT must not put themselves in a position where their interests and duties conflict with the duties they owe to JEC; their actions must be transparent and accountable to members and JMEC; BOT members must act honestly and in good faith to avoid placing themselves in . . . precarious positions; all questions should be addressed openly and honestly to ensure that actions are in the best interests of JMEC.  All JMEC members of the Board of Trustees must disclose any actual or potential conflicts of interest; maintain transparency.

20. BOT 103 provides that the "business and affairs of JMEC shall be managed by the Board of Trustees, which shall exercise all the powers of JMEC except such as are by law and JMEC bylaws."

Complaint ¶¶ 16-20, at 3-4. Regarding these averments, the Defendants "admit the quoted sentence is included in [the policy] and state that the policy speaks for itself." Answer ¶¶ 16-20 at 4. The Defendants offer a similar response to the paragraph which describes Martinez' termination letter. See Answer ¶ 56 at 7. The Complaint alleges, "Donna Montoya-Trujillo issued a termination letter stating that the Jemez Mountains Electric Cooperative, Inc. Director of Member Services position was being eliminated immediately and she was no longer needed," Complaint ¶ 56, at 7, and the Answer responds, "Defendants admit the allegations contained in Paragraph 56 of the Complaint and state that the letter speaks for itself." Answer ¶ 56, at 7. Throughout the Answer, the Defendants qualify several responses, but Martinez takes issue with three such responses in particular -- 60, 74, and 97. See Motion to Strike ¶ 10, at 5-6. These responses and related allegations read:

Paragraph 60:

Complaint: "There was never a board action taken to eliminate Plaintiff's position, initiate a RIF and/or restructure." Complaint ¶ 60, at 8.

Answer: "Defendants deny the allegations contained in Paragraph 60 of the Complaint. With respect to Plaintiff's position, Defendants affirmatively state that since Plaintiff's position did not exist in the budget, no Board action was required to eliminate the position." Answer ¶ 60, at 7.

Paragraph 74:

Complaint: "Coop policies do not prohibit non-employees from being in a Coop vehicle." Complaint ¶ 74, at 9.

Answer: "Defendants deny there is a policy on this subject; however, Defendants affirmatively state that JMEC practice is that non-employee passengers must have authorization to ride in a JMEC vehicle and only a JMEC employee may drive or operate a JMEC vehicle." Answer ¶ 74, at 8.

Paragraph 97:

Complaint: "The disclosure of employment based information violates JMEC's own policies." Complaint ¶ 97, at 10.

Answer: "In response to Paragraph 97 of the Complaint, Defendants admit that policies exist and that the policies were followed. Defendants deny that any disclosure was made and deny any remaining allegations contained in Paragraph 97 of the Complaint." Answer ¶ 97, at 10.

Toward the end of the Complaint, Martinez includes statements about the law. In paragraph 106, Martinez alleges "[p]laintiff has a legitimate and meaningful business, religious, moral and personal interest in maintaining her reputation and good name." Complaint ¶ 106, at 13. Paragraphs 115 and 116 state respectively, "Political rights is part of a class of rights that protect individuals' freedom from infringement by governments, social organizations, and private individuals. Such rights ensure one's ability to participate in the civil and political life of the society and state without discrimination, repression or retribution," Complaint ¶ 115, at 14, and,

It is beyond debate that the freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the liberties assured by the Due Process Clause of the Fourteenth Amendment. The freedom of political association is one such protected right. See NAACP v. Alabama ex. rel. Patterson, 357 U.S. 449, 460-61 (1958)

Complaint ¶ 116, at 14-15. Finally, in paragraph 127 Martinez explains, "[t]he Whistleblower Protection Act, NMSA § 10-16c-1 *et seq*. prevents a public employer from engaging in retaliatory action against an employee based on an employee's communications to the employer or third parties about an action that the employee believes in good faith constitutes an unlawful or improper act." Complaint ¶ 127, at 16. To each of these allegations, the Defendants assert, "the Complaint states a legal conclusion . . . . To the extent a response is required, Defendants deny the allegations contained in Paragraph [106/115/116/127] of the Complaint." Answer ¶ 106, at 10; ¶¶ 115-16, at 11; ¶ 127, at 12.

The Defendants assert fifteen defenses, which they have labeled as "affirmative defenses." Answer ¶¶ 135-48 at 12-14. The defenses state:

First defense: "Plaintiff has failed to state a claim upon which relief may be granted and her Complaint must be dismissed." Answer ¶ 135, at 12.

Second defense: "For the entirety of her employment at JMEC, from July 17, 2017 through October 27, 2017, Plaintiff was an at-will employee on probationary status." Answer ¶ 136, at 12.

Third defense: "Plaintiff was discharged for legitimate business reasons." Answer ¶ 137, at 12.

Fourth defense: "At all material times, the individual Defendants engaged in their official acts reasonably and in good faith." Answer ¶ 138, at 12.

Fifth defense: "At all times, Defendants acted in accordance with JMEC policies." Answer ¶ 139, at 13.

Sixth defense: "Plaintiff's damages, if any, were caused or contributed to by her own intentional conduct and/or negligent, grossly negligence and/or wrongful actions in connection with her employment." Answer ¶ 140, at 13.

Seventh defense: "Plaintiff has failed to exercise reasonable care to mitigate her damages, if any, and/or to avoid harm, if any." Answer ¶ 141, at 13.

Eighth defense: "Defendants made no publication or communication of a false defamatory fact concerning Plaintiff." Answer ¶ 142, at 13.

Ninth defense: "Defendants did not act with malice." Answer ¶ 143, at 13.

Tenth defense: "There is no state action, which is a requirement for a Section 1983 or a Section 1985(3) claim relating to First or Fourteenth Amendment rights." Answer ¶ 144, at 13.

Eleventh defense: "Plaintiff is not a member of a recognized and/or protected class related to her alleged political speech, affiliation and/or activity." Answer ¶ 145, at 13.

Twelfth defense: "Plaintiff was treated and affected in the same manner as others who were similarly situated and others who were not members of Plaintiff's alleged class, if any." Answer ¶ 146, at 13.

Thirteenth defense: "Any alleged speech and/or political affiliation or non-affiliation of Plaintiff is not protected under the United States Constitution or the New Mexico Constitution." Answer ¶ 147, at 14.

Fourteenth defense: "Plaintiff fails to state a claim for relief under the New Mexico Whistleblower Protection Act as a matter of law." Answer ¶ 148, at 14.

Fifteenth defense: "JMEC is not a public employer as contemplated by the New Mexico Whistleblower Protection Act." Answer ¶ 148, at 14.

### 2. <u>The Motion to Strike</u>.

Martinez filed the Motion to Strike on June 4, 2018. <u>See</u> Motion to Strike ¶¶ 2-4, at 1-2. She asks the Court: (i) to order the Defendants to amend responses 1-6, 16-20, 56, 60, 74, 97, 106, 115-119, and 127, because the responses are improper or non-responsive, and (ii) to strike or require a more definite statement of defenses 2-13 and 15, because they are negative defenses. <u>See</u> Motion to Strike ¶¶ 2-4, at 1-2; <u>id.</u> ¶ 10, at 11. Citing rule 8 of the Federal Rules of Civil Procedure, Martinez contends that the Defendants improperly respond by stating that the Complaint makes legal conclusions and that documents speak for themselves. Motion to Strike ¶¶ 5-10, at 2-5 (citing Fed. R. Civ. P. 8(b)(1)(B); <u>Lane v. Page</u>, 272 F.R.D. 581, 601-03 (D.N.M. 2011)(Browning, J.); <u>Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.</u>, Nos. 07–CV–1047, 08–CV–0245, 2008 WL 5377712 at *1 (E.D. Wis. Dec. 22, 2008)(Stadtmueller, J.); <u>Rudzinski v. Metro. Life Ins. Co.</u>, Case No. 05 C 0474, 2007 WL 2973830, at *4 (N.D. Ill. Oct. 4, 2007)(Keys, M.J.)). Martinez asks the Court to use its "discretion under 12(f)." Motion to Strike ¶ 4, at 2. Martinez also argues that the Defendants do not satisfy rule 8 when they do not answer averments or when they provide inconsistent answers. <u>See</u> Motion to Strike ¶¶ 11-13, at 5-7 (citing Fed. R. Civ. P. 8(b)(1)(B)). According to Martinez, defenses 2-13 and 15 also do not satisfy rule 8, because they are negative defenses. <u>See</u> Motion to Strike ¶¶ 14-15, at 7-10 (citing

Fed. R. Civ. P. 8(c); <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002); <u>Saldana-Sanchez v. Lopez-Gerena</u>, 256 F.3d 1, 5 n.8 (1st Cir. 2001); <u>Schleibaum v. Kmart Corp.</u>, 153 F.3d 496, 501 (7th Cir. 1998); <u>Lane v. Page</u>, 272 F.R.D. at 587; <u>Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.</u>, No. 09-CV-0455-CVE-FHM, 2010 WL 132414, at *5 (N.D. Okla. Jan. 8, 2010)(Eagan, J.); <u>Barnes v. AT & T Pension Ben. Plan-Nonbargained Program</u>, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010)(Patel, J.); <u>Burget v. Capital W. Sec., Inc.</u>, No. CIV–09–1015–M, 2009 WL 4807619, at *1 (W.D. Okla. Dec. 8, 2009)(Miles-LaGrange, C.J.)).

### 3. The Motion to Strike Response.

The Defendants responded on June 18, 2018. <u>See</u> Defendants' Response to Plaintiff's Opposed Motion to Strike Pursuant to Rule 12(f), or in the Alternative Motion for a More Definite Statement Pursuant to rule 12 (e)as to Insufficient Answers ¶ 3, at 1, filed June 18, 2018 (Doc. 19)("Motion to Strike Response"). The Defendants argue that the Court should deny Martinez' request to strike. <u>See</u> Motion to Strike Response at 2 (citing Fed. R. Civ. P. 12(f); <u>N. New Mexicans Protecting Land Water & Rights v. United States</u>, No. CV 15-0559 JB/LF, 2015 WL 8329509, at *14 (D.N.M. Dec. 4, 2015)(Browning, J.)). The Defendants also contend that the Court should dismiss Martinez' request for a more definite statement because an answer is not "a pleading to which a responsive pleading [is] allowed." Motion to Strike Response ¶ 4, at 3 (citing Fed. R. Civ. P. 12(e)). The Defendants note that the parties stipulated to facts related to all the challenged responses except for responses 1, 2, 4, 5, 60, 97, 106, 115, 117, and 127. <u>See</u> Motion to Strike Response ¶¶ 5-6, at 3. Finally, the Defendants assert that the remaining responses are proper. <u>See</u> Motion to Strike Response ¶¶ 11-14, at 6-9; ¶¶ 18-22, at 9-10.

4. **The Motion to Strike Reply**.

On July 2, 2018, Martinez filed a reply to the Motion to Strike Response. See Plaintiff's Reply in Support of her Motion to Strike Pursuant to Rule 12(F), or in the Alternative, Motion for a More Definite Statement Pursuant to Rule 12(E) as to Insufficient Answers at 1, filed July 2, 2018 (Doc. 22)("Motion to Strike Reply"). Martinez contends that the Defendants' "general arguments" do not address rule 8's requirements. See Motion to Strike Reply ¶¶ 2-15, at 1-7. Martinez asks the Court to deem the averments that the Defendants answered by stating "such were legal conclusions" -- paragraphs 1-6, 106, 115-116, and 127 -- admitted or to give the Defendants an opportunity to amend the answers. See Motion to Strike Reply ¶ 7-8, at 4. Martinez similarly requests that the Court deem admitted or direct the Defendants to amend paragraphs 16-20, see Motion to Strike Reply ¶ 10, at 5, and that the Court strike caveats from or order the Defendants to correct paragraphs 60, 74, and 97, see Motion to Strike Reply ¶ 11-12, at 6. Martinez also requests that the Court strike or require the Defendants to provide a more definite statement of their negative defenses. See Motion to Strike Reply ¶ 9, at 4. According to Martinez, improper responses and defenses slow litigation and increase discovery. See Motion to Strike Reply ¶ 3, at 2. Accordingly, Martinez argues that rule 8 streamlines the litigation process. See Motion to Strike Reply ¶ 6, at 3.

5. **The Hearing**.

The Court held a hearing on September 7, 2018. See Transcript of Hearing at 2:5, taken September 7, 2018 (Kilgore)("Tr.").[1] The Court began by stating that it disfavors motions to

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

strike and motions for more definite statements.  See Tr. at 3:7-4:2 (Court).  The Court conceded

that it "probably ha[d] discretion" to allow the untimely motion at issue.  Tr. at 4:5-6 (Court).

The Court explained, however, that, because it disfavors such motions, it will likely adhere

strictly to the rules -- it will deny motions to strike that are untimely or that respond to pleadings

that do not require a responsive pleading.  See Tr. at 4:3-25 (Court).

Martinez' arguments tracked her Motion to Strike.  See Tr. at 5:2-10:3 (Richards); id. at

14:24-18:21 (Richards); id. at 19:13-20:5 (Richards); id. at 22:5-23:8 (Richards).  Martinez

conceded that the Motion to Strike is untimely.  See Tr. at 6:14 (Richards).  Martinez argued

that, based on counsel's experience, defense counsel file "very rote, very form answers and

defenses without a real appreciation of the difference between an affirmative defense and other

defenses."  Tr. at 5:5-9 (Richards).  Martinez contended that such practices lead to "excessive

and extraordinary" amounts of discovery, increasing litigation costs for the parties, and that

plaintiffs unequally bear the costs, because courts require them to file more detailed motions.  Tr.

at 6:4 (Richards).  See id. at 5:4-10:3 (Richards); id. at 17:19-18:18 (Richards); id. at 19:14-20:5

(Richards); id. at 20:14-21:9 (Richards).  Martinez explained that counsel tried unsuccessfully to

resolve her concerns with opposing counsel, which led to the untimely filing.  See Tr. at 6:9-17

(Richards).  Martinez contended that when asked about the defenses, opposing counsel stated:

"[W]ell, this is what we always plead."  Tr. at 7:11-12 (Richards).  Martinez conceded that the

Motion to Strike is untimely under rule 12(f), but she asserted that the alternative motion for a

more definite statement is timely under rule 12(e).  See Tr. at 21:3-5 (Richards).

The Defendants adhered to their Motion to Strike Response, arguing that the Court

should dismiss Martinez' motions, because she filed the Motion to Strike after the twenty-one

days permitted for filing such motions and that Martinez' motion in the alternative for a more definite statement responds to a pleading that requires no responsive pleading.  See Tr. at 10:7-15 (Kilgore); id. at 11:13-16 (Kilgore).  The Defendants explained that the twenty-one days had already passed when, in May, Martinez began corresponding with them about the Answer.  See Tr. at 10:14-15 (Kilgore).  The Defendants stated that the parties exchanged emails about the issue on June 1 and 2, 2018.  See Tr. at 10:18-11:5 (Kilgore).  The Defendants denied that their counsel stated, in an email, "this is what I always do," but did not recall what their counsel stated on the telephone.  Tr. at 11:6 (Kilgore).  See id. at 11:6-8 (Kilgore).  While the Defendants admitted that some defenses were stock defenses, they asserted that they did not intend to file rote defenses.  See Tr. at 12:2-5 (Kilgore).  The Defendants contended that tension exists about what factual information defenses require.  See Tr. at 12:5-17 (Kilgore).  The Defendants' counsel explained: "I did not intend to be flip with these affirmative defense[s].  I really was trying to strike that balance between explaining some affirmative defenses and you know, maybe, and including some factual information, as well as making sure I covered all the bases."  Tr. at 12:18-23 (Kilgore).  According to the Defendants, subsequent developments in the case, including discovery, had clarified some of their responses and defenses.  See Tr. at 12:24-14:20 (Kilgore).

Martinez responded that counsel has a responsibility to respond to the pleading and to respond with affirmative defenses; defense counsel cannot cite discovery or later developments in the case to excuse this responsibility.  See Tr. at 14:21-16:21 (Richards).  Martinez asked the Court to use its discretion to determine that the defenses were not affirmative and to issue an opinion to deter future parties from continuing such practices.  See Tr. at 16:8-13 (Richards).

Martinez requested that the Court find admitted "every answer where [the Defendants] say it's a legal conclusion." Tr. at 21:15-19 (Richards). Martinez stated that she would not, as she had in the Motion to Strike, ask the Court to find admitted the responses which state "the documents speak for themselves." Tr. at 22:13-14 (Richards). Martinez also requested that the Court require the Defendants to amend their responses 60, 74, and 97 to respond to the averments. See Tr. at 22:15-19 (Richards). Finally, Martinez asked that the Court strike all defenses other than the affirmative defenses. See Tr. at 22:20-23:1 (Richards). The Court sought clarification that paragraphs 1 through 6 are related to claims which Martinez raises under § 1983. See Tr. at 23:9-16 (Court). Martinez explained that the paragraphs are jurisdictional statements, which relate to her argument that Jemez Corporation is a quasi-state entity. See Tr. at 23:17-24:5 (Richards). The Court also asked Martinez which requests did not fall under the motion to strike or motion for alternative relief, and Martinez cited only her requests that the Court deem admitted certain responses. See Tr. at 24:6-23 (Court, Richards).

The Court indicated that: (i) it would stick to the filing deadline and deny the motion to strike; and (ii) it would deny the motion in the alternative for a more definite statement, because the motion does not respond to a pleading that requires a responsive pleading. See Tr. at 26:6-17 (Court). Regarding Martinez' arguments about defenses, the Court stated:

> It does sound like and . . . I'm inclined to agree with Ms. Richards [that] there is a rule 8 [problem] here that I may need to address. I'll say this on affirmative defenses[.] I [know] that it's kind of customary for [a] lot of defense lawyers to list out . . . 15 defenses and some of them are not affirmative defenses. I think those generally should be segregated. There should be a category [for] affirmative defenses and a category for defenses, but again, I'm not sure that advances the ball much.
>
> . . . .

Like I was saying I tend to agree with much of what [Ms.] Richards is saying[.] I do think that defense lawyers sometimes recycle . . . stuff and they don't properly label stuff. And I may go ahead and accept Ms. Richards invitation to put an opinion out that comments on some of this. I mention that I had [] retreated a little bit on one aspect of [L]ane [v.] [P]age but I think much of [L]ane [v.] [P]age remains intact and I continue to agree with it and follow it and adopt it, so I may give her what she wants as far as an opinion on this if I have some time, but I think I'm going to also probably indicate that I'm going to stick very strictly with [these motions'] deadlines to try to discourage these unless they're absolute[y] necessary . . . .

Tr. at 26:17-27:2 (Court); id. at 27:12-28:1 (Court).

## LAW REGARDING MOTIONS TO STRIKE

Rule 12(f) of the Federal Rules of Civil Procedures provides:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Professors Charles Alan Wright and Arthur Miller have recognized, however, that such motions are not favored and, generally, the court should deny them:

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy . . .

5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004)(footnotes omitted). Accord Burget v. Capital W. Sec., Inc., 2009 WL 4807619, at *1

(citing Scherer v. U.S. Dep't of Educ., 78 F. App'x 687, 689 (10th Cir. 2003)(unpublished))

("While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court."))[2].

"Allegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." Estate of Gonzales v. AAA Life Ins. Co., No. CIV 11–0486 JB/WDS, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012)(Browning, J.)(internal quotation marks omitted)(quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5). Professors Wright and Miller have also commented on what constitutes "immaterial" matter in the context of a motion to strike. 5C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." 5C Wright & Miller, supra, § 1382, at 458-60 (footnotes omitted).

---

[2]Scherer v. United States Department of Education is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A), 28 U.S.C. ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . . And we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Scherer v. United States Department of Education, Searcy v. Social Security Administration., 956 F.2d 278, 1992 WL 43490 (10th Cir. 1992), and In re Hopkins, 162 F.3d 1173, 1998 WL 704710 (10th Cir. 1998) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Moreover, "[o]nly material included in a 'pleading' may be the subject of a motion to strike, and courts have been unwilling to construe the term broadly. Motions, briefs, . . . memoranda, objections, or affidavits may not be attacked by the motion to strike." Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps., Civil Action No. 08–cv–00563–WYD–KMT, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009)(Wiley, J.). Accord Ysais v. N.M. Judicial Standard Comm'n, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009)(Browning, J.)("Ysais")(citing Searcy v. Soc. Sec. Admin., 956 F.2d 278, 1992 WL 43490 at *1, *4(10th Cir. 1992))("Generally . . . motions, briefs, and memoranda may not be attacked by a motion to strike."). "The Federal Rules of Civil Procedure define 'pleadings' as a complaint or third-party complaint; an answer to a complaint, a third-party complaint, a counterclaim, or a crossclaim; and, 'if the court orders one, a reply to an answer.'" Ysais, 616 F. Supp. 2d at 1184 (quoting Fed. R. Civ. P. 7(a)).

"Striking a pleading or part of a pleading is a drastic remedy and because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored." Estate of Gonzales v. AAA Life Ins. Co., 2012 WL 1684599, at *5 (quoting Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc., 2010 WL 132414, at *5)(internal quotation marks omitted)). "The exception to this principle is that a Court may 'choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court.'" Ysais, 616 F. Supp. 2d at 1184 (citing In re Hopkins, 162 F.3d 1173, 1998 WL 704710 at *3 (10th Cir. 1998)).

For example, in Skyline Potato Co., Inc. v. Hi–Land Potato Co., Inc., No. CIV 10–0698 JB/RHS, 2012 WL 6846386 (D.N.M. Dec. 31, 2012)(Browning, J.), the Court denied a motion to

strike a letter filed with the Court, because the letter was not a pleading, and did not pertain to either party's legal defenses or arguments; the letter expressed one party's position regarding whether the Court should rule on summary judgment motions pending at the close of a bench trial. See 2012 WL 6846386, at *6. Similarly, in Great American Insurance v. Crabtree, No. CIV 11-1129, 2012 WL 3656500 (D.N.M. Aug. 23, 2012)(Browning, J.), the Court denied a plaintiff's motion to strike exhibits attached to the defendant's motion to dismiss, because they were neither pleadings nor irrelevant. See 2012 WL 3656500, at *18. In Applied Capital, Inc. v. Gibson, No. CIV 05-0098, 2007 WL 5685131 (D.N.M. 2007)(Browning, J.), the Court refused the plaintiff's request to strike a motion to dismiss, because rule 12(f) applies only to pleadings and not to a motion to dismiss. See 2007 WL 5685131, at *18. In Estate of Anderson v. Denny's, Inc., 291 F.R.D. 622, 635 (D.N.M. 2013)(Browning, J.), the Court denied the plaintiff's request to strike a notice of completion of briefing for similar reasons. See 291 F.R.D. at 635.

In Lane v. Page, the plaintiff filed a motion to strike parts of the defendants' answer, because it was "devoid of factual allegations and assert[ed] improper defenses." 272 F.R.D. at 588. Specifically, the plaintiff argued that the defendants' affirmative defenses should "put the plaintiff on notice of how the defense applies." 272 F.R.D. at 588. The plaintiff therefore asked the Court not only to strike some of the defendants' answers, but also to "require the Defendants to amend their answers." 272 F.R.D. at 588. The defendants argued that rule 8 does "not require them to provide factual support for their affirmative defenses" and contended that their answers adequately responded to the plaintiff's complaint. 272 F.R.D. at 588. The Court "decline[d] to extend the heightened pleading standard the Supreme Court established in Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses pled in answers, because the text of the

rules, and the functional demands of claims and defenses, militate against requiring factual specificity in affirmative defenses." 272 F.R.D. at 588. The Court struck two improperly labeled affirmative defenses that stated the defendants "reserve the right to assert additional affirmative defenses." 272 F.R.D. at 601. The Court concluded the statement was not a defense, explaining:

> "[a]n affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven." Roberge v. Hannah Marine Corp., [No. 96–1691,] 1997 WL 468330, at *3 [(6th Cir. 1997)]. "A reservation of unpled defenses is not a defense of any kind, much less an affirmative one." Mission Bay Ski & Bike, 2009 WL 2913438, 2009 WL 2913438 at *5 [(N.D. Ill. Jan. 9, 2009)(Goldgar, J.)].

In Tavasci v. Cambron, No. CIV 16-0461 JB/LF, 2016 WL 6405896 (D.N.M. Oct. 25, 2016)(Browning, J.), the Court retreated some from that holding, however, because it did not want to encourage such motions, which do not advance the ball in a case. The Court refused to strike a reservation of defenses, "[w]here a defendant reserves unpled defenses yet also agrees to comply with rule 15," because "the Court cannot conclude that 'under no set of circumstances' would the reservation of unpled defenses prevail." 2016 WL 6405896, at *18 (quoting Friends of Santa Fe Cty. v. LAC Minerals, Inc., 892 F. Supp. 1333, 1343 (D.N.M. 1995)(Hansen, J.)(citations omitted)).

**LAW REGARDING MOTIONS FOR A MORE DEFINITE STATEMENT UNDER RULE 12(e)**

Rule 12(e) of the Federal Rules of Civil Procedure permits a party to file a motion for a more definite statement when that party is required to file a response to a pleading, but the pleading is so vague or ambiguous that a response cannot reasonably be expected to be framed. See Moya v. Schollenbarger, 465 F.3d 444, 446 n.2 (10th Cir. 2006)("If a pleading to which a

responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."). A motion for a more definite statement may be made only before filing a responsive pleading and not after. See Fed. R. Civ. P. 12(e).[3] See, e.g., Bank of America, N.A. v. Lebreton, No. CIV 14–0319 JB/KBM, 2015 WL 2226266, at *15 (D.N.M. April 20, 2015)(Browning, J.)(denying a motion for a more definite statement because the defendant made the motion in response to a motion). The federal courts disfavor motions for a more definite statement in light of the liberal discovery provided under the federal rules, and grant such motions only when the complaint is so vague or ambiguous that a defendant cannot reasonably determine the issues requiring a response. See Peterson v. Brownlee, 314 F. Supp. 2d 1150, 1155 (D. Kan. 2004)(Lungstrum, J.); Shaffer v. Eden, 209 F.R.D. 460, 464 (D. Kan. 2002)(Murguia, J.). A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading, rather than to correct inaccurate assertions, add precision, or flesh out a lack of detail. See Serna v. Webster, No. CIV 17-0020 JB/WPL, 2017 WL 4386359, at *42 (D.N.M. Sept. 30, 2017)(Browning, J.)(granting a motion for a more definite statement where the "[c]omplaint, as drafted, [was] incomprehensible as to" a defendant); Crespin v. City of

---

[3]Rule 12(e) states:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Espanola, No. CIV 11–0913 JB/KBM, 2012 WL 592880, at *3 (D.N.M. Feb. 10, 2012)(Browning, J.)(granting motion for a more definite statement when the plaintiff did "not give sufficient notice of the legal claims he [was] attempting to bring); Coffey v. McKinley Cnty., No. CIV 09–0028, 2009 WL 3208209, at *2 (D.N.M. Sept. 11, 2009)(Browning, J.)(denying a motion for a more definite statement where the Court and parties clarified the legal basis for a claim during the motion hearing); Bannister v. Coronado Fin., Inc., No. CIV 07–620, 2008 WL 2323518, at *10 (D.N.M. Jan. 17, 2008)(Browning, J.)(denying motion for a more definite statement where defendant did not identify "anything specific that she [could not] discern from the Complaint" and ordering the pro se plaintiff to amend the Complaint would help neither the defendant nor the Court); Frazier v. Se. Penn. Transp. Auth., 868 F. Supp. 757, 763 (E.D. Pa. 1994)(Joyner, J.)(denying motion for a more definite statement where complaint "affords [the defendant] with notice as to the nature and basis of [the plaintiff's] claims).  The Supreme Court of the United States of America has held that, "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

### LAW REGARDING STATING AFFIRMATIVE DEFENSES

Rule 8(c) of the Federal Rules of Civil Procedure provides:

**(c) Affirmative Defenses.**

**(1) *In General.*** In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

• accord and satisfaction;

• arbitration and award;

- assumption of risk;

- contributory negligence;

- duress;

- estoppel;

- failure of consideration;

- fraud;

- illegality;

- injury by fellow servant;

- laches;

- license;

- payment;

- release;

- res judicata;

- statute of frauds;

- statute of limitations; and

- waiver.

    **(2)** ***Mistaken Designation.*** If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so.

Fed. R. Civ. P. 8(c). "A responsive pleading must set forth certain enumerated substantive defenses as well as "any other matter constituting an avoidance or affirmative defense." 5 C. Wright & A. Miller, <u>Federal Practice & Procedure</u> § 1270 (3d ed. 2017). Modeled after the English and New York rules in force when the Federal Rules of Civil Procedure first were drafted, <u>see</u> Judicature Act (The Annual Practice, 1937) O.19, r. 15; N.Y.C.P.A. (1937) § 242,

rule 8(c) makes no attempt to define the concept of affirmative defense. Instead, it obligates defendants to plead affirmatively any of nineteen defenses that rule 8(c)(1) lists that the defendant wishes to assert. <u>See</u> Fed. R. Civ. P. 8(c) (accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver). If the district court or jury hearing a case accepts the defendant's affirmative defense, the defense defeats that case's plaintiff's claim. <u>See</u> 5 Wright & Miller, <u>supra</u>, § 1270; <u>Rural Water Dist. No. 2 v. City of Glenpool</u>, 698 F.3d 1270, 1274 (10th Cir. 2012)("[O]nce the court's jurisdiction has been properly invoked in the plaintiff's complaint, the assertion of such a defense is relevant only to whether the plaintiff can make out a successful claim for relief, and not to whether the court has original jurisdiction over the claim itself." (quoting <u>S. New England Tel. Co. v. Global NAPs Inc.</u>, 624 F.3d 123, 132 (2d Cir. 2010))). The burden of proof for affirmative defenses generally rests on the defendant. <u>See</u> <u>Saldana-Sanchez v. Lopez-Gerena</u>, 256 F.3d at 5 n.8; <u>Schleibaum v. Kmart Corp.</u>, 153 F.3d at 501. In stating affirmative defenses, defendants do not need to provide "factual support." <u>Lane v. Page</u>, 272 F.R.D. at 594 ("declin[ing] to extend the heightened pleading standard the Supreme Court established in <u>Bell Atlantic v. Twombly</u> and <u>Ashcroft v. Iqbal</u> to affirmative defenses pled in answers, because the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity in affirmative defenses.") "A reservation of unpled defenses is not a defense of any kind, much less an affirmative one." <u>Tavasci v. Cambron</u>, 2016 WL 6405896, at *18 (internal quotation marks omitted)(quoting 272 F.R.D. at 601 (quoting <u>Mission Bay Ski & Bike</u>, 2009 WL 2913438 at *5)).

Although affirmative defenses must generally be pled in the defendant's answer, not argued on a motion to dismiss, see Fed. R. Civ. P. 8(c), there are exceptions: (i) where the defendant asserts an immunity defense -- the courts handle these cases differently than other motions to dismiss, see Glover v. Gartman, 899 F. Supp. 2d 1115, 1137-39, 1141 (D.N.M. 2012)(Browning, J.)(citing Pearson v. Callahan, 555 U.S. 223 (2009)); Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008)); and (ii) where the facts establishing the affirmative defense are apparent on the face of the complaint, see Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)("Under Rule 12(b), a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim. If the defense appears plainly on the face of the complaint itself, the motion may be disposed of under this rule."). The defense of limitations is the affirmative defense that the complaint's uncontroverted facts will most likely establish. See 5 C. Wright & A. Miller, Federal Practice and Procedure § 1277 (3d ed. 2014). If the complaint sets forth dates that appear, in the first instance, to fall outside of the statutory limitations period, then the defendant may move for dismissal under rule 12(b)(6). See Rohner v. Union Pac. R.R., 225 F.2d 272, 273-75 (10th Cir. 1955); Gossard v. Gossard, 149 F.2d 111, 113 (10th Cir. 1945); Andrew v. Schlumberger Tech. Co., 808 F. Supp. 2d 1288, 1292 (D.N.M. 2011)(Browning, J.). The plaintiff may counter this motion with an assertion that a different statute of limitations or an equitable tolling doctrine applies to bring the suit within the statute; the United States Court of Appeals for the Tenth Circuit has not clarified whether this assertion must be pled with supporting facts in the complaint or may be merely argued in response to the motion. Cf. Kincheloe v. Farmer, 214 F.2d 604 (7th Cir. 1954)(holding that, once a plaintiff has pled facts in the complaint indicating that the statute of limitations is a complete or partial bar to an action, it

is incumbent upon the plaintiff to plead, either in the complaint or in amendments to it, facts establishing an exception to the affirmative defense). It appears, from case law in Courts of Appeals, that the plaintiff may avoid this problem altogether -- at least at the motion-to-dismiss stage -- by simply refraining from pleading specific or identifiable dates, see Goodman v. Praxair, Inc., 494 F.3d 458, 465-66 (4th Cir. 2007); Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006); Harris v. New York, 186 F.3d 243, 251 (2d Cir. 1999); Honeycutt v. Mitchell, No. CIV–08–140–W, 2008 WL 3833472 (W.D. Okla. Aug. 15, 2008)(West, J.), and, although the Tenth Circuit has not squarely addressed this practice, the Court has permitted this avoidance practice, see Anderson Living Trust v. WPX Energy Prod., LLC, 27 F. Supp. 3d 1188, 1208-09, 1234-38 (D.N.M. 2014)(Browning, J.).

## ANALYSIS

The Court concludes that Martinez did not file her Motion to Strike within the deadline under rule 12(f) and that Martinez did not file her motion for a more definite statement in response to a pleading to which a responsive pleading was required. Hence, the Court will deny the motion to strike and the motion for a more definite statement. Because the Court will deny the motions, the Court will not rule on the Defendants' allegedly negative defenses, but the Court agrees with Martinez that the Defendants raise several negative defenses. The Court further concludes that the Defendants' responses 1 through 6 do not respond to the Complaint because they state only that the Complaint make a legal conclusion. Accordingly, the Court orders the Defendants to amend these responses.

**I.    THE COURT WILL NEITHER STRIKE THE DEFENDANTS' DEFENSES NOR REQUIRE THE DEFENDANTS TO PROVIDE A MORE DEFINITE STATEMENT.**

Martinez asks the Court to strike, in "its discretion," allegedly negative defenses from the Defendants' Answer and, in the alternative, to require the Defendants to provide more definite statements of the defenses. Motion to Strike ¶ 4, at 2. See id. ¶ 10, at 11. Martinez argues that "[t]oo long have defendants been able to avoid initial motion practice by giving rote and non-responsive answers, while Defendants are able to move forward with motion practice." Motion to Strike Reply ¶ 4, at 2. The Defendants respond that Martinez filed the Motion to Strike beyond the deadline in rule 12(e) and the motion for a more definite statement in violation of rule 12(f)'s requirements. See Motion to Strike Response ¶ 3, at 2; id. ¶ 4, at 3. The Court agrees with the Defendants that Martinez' filing does not comply with rules 12(e) and 12(f), and the Court will deny Martinez' requests. While the Court will not reach Martinez' arguments about the defenses, because it will not grant her motions, the Court maintains its holding from Lane v. Page that defenses need not meet the heightened pleading requirements for complaints.[4]

---

[4] The Court has retreated a bit from one aspect of its decision in Lane v. Page, namely its approach toward preservations of defenses. In Lane v. Page, the Court struck two preservations of defenses, which stated respectively: (i) "DESCO Defendants presently have insufficient knowledge and information upon which to form a belief as to whether they have additional, as yet unstated, affirmative defenses available," and therefore "reserve the right to assert additional affirmative defenses," 272 F.R.D. at 601, and (ii) "Individual Defendants reserve the right to assert additional affirmative defenses," 272 F.R.D. at 601. In Tavasci v. Cambron, 2016 WL 6405896, at *18, the Court qualified its view of preservations of defenses:

> The Court affirms its conclusion in Lane v. Page that "'[a] reservation of unpled defenses is not a defense of any kind, much less an affirmative one.'" 272 F.R.D. at 601 (quoting Mission Bay Ski & Bike, 2009 WL 2913438 [at *5]. It is not. Where a defendant reserves unpled defenses yet also agrees to comply with rule 15, however, a motion to strike may be inappropriate. In such a case, the Court cannot conclude that "under no set of circumstances" would the reservation of unpled defenses prevail. Friends of Santa Fe Cty. v. LAC Minerals, Inc., 892 F. Supp. at 1343.

Tavasci v. Cambron, 2016 WL 6405896, at *18.

The Court finds merit, however, in Martinez' arguments about affirmative defenses and agrees that the Defendants here responded with several negative defenses.

**A.    MARTINEZ FILED THE MOTION TO STRIKE MORE THAN TWENTY-ONE DAYS AFTER BEING SERVED WITH THE ANSWER.**

At the hearing, the Court indicated that it would deny the Motion to Strike, and the Court will follow its indication.  The Court disfavors motions to strike, see Skyline Potato Co. v. Hi-Land Potato Co., 2012 WL 6846386, at *7 ("The Court has generally disfavored motions to strike."); Lane v. Page, 272 F.R.D. at 596 ("Motions to dismiss help resolve cases; motions to strike, in most cases, waste everyone's time.  In the case where a motion to strike is useful -- statutes of limitations, some unique defenses -- the issues are largely legal, and the facts are better developed in motion practice than in the pleadings."), and "has concluded that '[s]triking a pleading or part of a pleading is a drastic remedy,'" United States v. Garcia, 221 F. Supp. 3d 1275, 1288 (D.N.M. 2016)(Browning, J.).  While the Court shares some of Martinez' concerns about defendants' defenses, the Court also stands by its decision in Lane v. Page that affirmative defenses need not meet the heightened pleading standard established by Bell Atlantic v. Twombly and Ashcroft v. Iqbal.  See Lane v. Page, 272 F.R.D. at 588.  Given the Court's discretion to grant motions to strike, see C. Wright & A. Miller, supra, § 1382, at 433-36 ("The district court possesses considerable discretion in disposing of a Rule 12(f) motion[.]"), the Court will strictly adhere to the deadline in rule 12(f) to deter parties from filing these motions.

Martinez concedes that she filed the motion to strike in an untimely manner.  See Tr. at 6:14 (Richards).  The Defendants in this matter filed their Answer on April 13, 2018.  See Answer at 1.  Martinez, however, did not file her Motion to Strike until June 4, 2018.  See Motion to Strike ¶¶ 2-4, at 1-2.  Rule 12(f) provides parties twenty-one days after being served

with a pleading within which to file their motion to strike in response.  See Fed. R. Civ. P. 12(f).

Because Martinez filed her Motion to Strike almost two months after the Answer, she did not file

it within the deadline set by rule 12(f).  As indicated, if the plaintiffs are going to file these likely

time-wasting motions that do not move the case along, the Court will demand that parties meet

the deadline.  Accordingly, the Court will deny the Motion to Strike.

### B.      MARTINEZ FILED THE MOTION IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT IN RESPONSE TO AN ANSWER.

This Court views motions for a more definite statement, like motions to strike, with

disfavor.  See Lane v. Page, 272 F.R.D. at 596 (denying the motion for a more definite statement

"for the same reason" as the motion to strike).[5]  As with motions to strike, the Court thus will

hold parties strictly to the requirements that 12(e) establishes.  Rule 12(e) provides: "A party

may move for a more definite statement of a pleading to which a responsive pleading is allowed

but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Fed.

R. Civ. P. 12(e)(emphasis added).  "Under the Federal Rules of Civil Procedure, plaintiffs may

not reply to an answer as a matter of right."  Wilhelm v. TLC Lawn Care, Inc., No. CIV.A. 07-

2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008)(Vratil, J.)(citing Fed. R. Civ. P.

7(a)(7)(plaintiff may file reply to answer only by court order)).  Because this Court has not given

Martinez leave to file a reply, no "responsive pleading is allowed."  Fed. R. Civ. P. 12(e).  See

Wilhelm v. TLC Lawn Care, Inc., 2008 WL 474265, at *2 ("Here, the Court has not granted

plaintiffs leave to reply to defendant's answer -- including the affirmative defenses -- which

means that the answer is not a pleading to which a responsive pleading is allowed under Rule

_____

[5]Other federal courts take a similar attitude toward motions for more definite statements.
See Shaffer v. Eden, 209 F.R.D. at 464 ("Motions for a more definite statement are generally
disfavored in light of liberal discovery available under federal rules . . . .").

12(e)."); Ruppert v. Rogers, No. CV 13-54 JP/ACT, 2014 WL 11430944, at *4 (D.N.M. Jan. 24, 2014)(Parker, J.)("There is no responsive pleading allowed with respect to Defendants' Answer. Thus, Rule 12(e) does not support Plaintiff's request."). Accordingly, rule 12(e) does not permit Martinez' motion in the alternative for a more definite statement. The Court thus denies that motion.

### C.   THE DEFENDANTS INAPPROPRIATELY USED SEVERAL NEGATIVE DEFENSES.

The Court rejects Martinez' contention that "[p]roper answers . . . can be reached by compliance with the standards of Rule 8 when answering a complaint." Motion to Strike Reply, ¶ 4, at 2. As the Court stated in the hearing, the Court agrees with and follows its decision in Lane v. Page, and declines to extend Bell Atlantic v. Twombly and Ashcroft v. Iqbal to affirmative defenses. As the Court explained in Lane v. Page, rule 8's text and case law do not support heightened pleading requirements for defenses. Lane v. Page, 272 F.R.D. at 591-95 ("[B]ecause rule 8(b)(1)(A) does not include the same operative language that requires plaintiffs to provide factual allegations supporting their claims, and because form 30 demonstrates that no factual allegations are required for defendants, the rules do not compel defendants to provide factual support for affirmative defenses."). The Court continues to conclude that practical considerations -- including the need to "decid[e] whether a complaint survives a motion to dismiss," a plaintiff's "ability to ignore an answer," and the limited time given to defendants to respond to Complaints -- favor "asymmetric pleading requirements." Lane v. Page, 272 F.R.D. at 595-97. In Lane v. Page, these factors outweighed for the Court worries expressed by other courts about inefficiencies from counsels' "boilerplate defenses." 272 F.R.D. at 595. ("[I]n addition to increasing litigation costs, '[b]oilerplate defenses clutter [the] docket; they create

unnecessary work, and in an abundance of caution require significant unnecessary discovery.'"

(alterations in original)(internal quotation marks omitted)(quoting Castillo v. Roche Labs. Inc.,

No. 10–20876–CIV, 2010 WL 3027726, at *3 (S.D. Fl. Aug. 2, 2010)(Seitz, J.))); id., at 595

("[A] plaintiff will not be left to the formal discovery process to find out whether the defense

exists and may, instead, use the discovery process for its intended purpose of ascertaining the

additional facts which support a well-pleaded claim or defense."   (internal quotation marks

omitted)(quoting Palmer v. Oakland Farms, Inc., Civil Action No. 5:10cv00029, 2010 WL

2605179, at *5 (W.D. Va. June 24, 2010)(Welsh, J.)).

    While the Court maintains its position from Lane v. Page, the Court agrees that the

Defendants' counsel, in this and in other matters, mislabel affirmative defenses.   In defining

what constitutes an affirmative defense in Lane v. Page, the Court has explained:

> "An affirmative defense, under the meaning of Fed. R. Civ. P. 8(c), is a defense that does
> not negate the elements of the plaintiff's claim, but instead precludes liability even if all
> of the elements of the plaintiff's claim are proven."  Roberge v. Hannah Marine Corp.,
> 1997 WL 468330, at *3.   "[T]he burden for establishing affirmative
> defenses . . . generally lies on the defendant."  Saldana-Sanchez v. Lopez-Gerena, 256
> F.3d at 5 n.8.  See Schleibaum v. Kmart Corp., 153 F.3d at 501. . . .

Lane v. Page, 272 F.R.D. at 598.  Martinez incorrectly identifies the first and fourteenth defenses

as affirmative defenses.   These defenses allege failures to state claims, which a defendant is not

required to set forth in an Answer as an affirmative defense but can include in a motion to

dismiss.  See Fed. R. Civ. P. 12(b)(6); id. 8(b); Answer ¶ 134, at 2; id. ¶ 147, at 13.  Martinez

argues that the rest of the defenses are negative defenses.   The Defendants' sixth and seventh

defenses, which respectively plead a failure to mitigate damages and contributory negligence

"would preclude liability" if proven; thus, they are affirmative defenses.  Roberge v. Hannah

Marine Corp., 1997 WL 468330, at *3.  See Answer ¶¶ 139-40, at 13.  Indeed, rule 8(c) lists

"contributory negligence" as an affirmative defense. Fed. R. Civ. P. 8(c). The Court agrees with Martinez that the remaining defenses are negative defenses. The Defendants' second, third, fourth, fifth, eight, ninth, tenth, eleventh, twelfth, and thirteenth defenses "simply provide a basis to negate an element of [the defendant's] prima facie case for relief . . . ." Lane v. Page, 272 F.R.D. at 598 (internal quotation marks omitted)(quoting Barnes v. AT & T Pension Ben. Plan–Nonbargained Program, 718 F. Supp. 2d at 1174). Accordingly, these defenses are negative defenses.

The Defendants did not violate rule 8 by including the negative defenses in their Answer. Their mistake lay in mislabeling the defenses. Rule 8(c) requires defendants to "set forth affirmatively . . . any . . . matter constituting an avoidance or affirmative defense," but the rule does not prohibit defendants from including other defenses in the pleading. Fed. R. Civ. P. 8(c). While the Court in Lane v. Page struck two "improperly labeled 'affirmative defenses,'" the Court later acknowledged that it granted the motion to strike, because it had asked the defendants to amend other aspects of their answer and "[the Court] may have granted the motion to strike . . . because it was somewhat swept up in its order to amend." Tavasci v. Cambron, 2016 WL 6405896, at *18. The Court concludes that the Defendants here could have avoided the current dispute by labeling their defenses as "defenses" rather than as "affirmative defenses," or by separating the affirmative defenses from the other defenses in their Answer. While the Defendants did not do the right thing, this motion is a time waste to change something that is just a labeling error.

### III. THE COURT WILL REQUIRE THE DEFENDANTS TO AMEND RESPONSES THE DEFENDANTS DID NOT AFFIRM, DENY, OR STATE THEY LACKED INFORMATION IN RESPONSE TO PLAINTIFF'S ALLEGATIONS.

At the hearing, Martinez made some concessions about the responses that she sought to have deemed admitted or amended. See Tr. at 22:13-14 (Richards). Because Martinez no longer objects to some paragraphs listed in the Motion to Strike, the Court will address only the paragraphs that Martinez disputed in the hearing. At the hearing, Martinez requested that the Court find admitted the responses stating the paragraph in the Complaint was a "legal conclusion" -- responses 1-6, 106, 115-119, 127 -- and responses 60, 74, and 97. See Tr. at 21:15-19 (Richards); id. at 22:15-19 (Richards). The Court concludes that responses 1 through 6 do not respond to the Complaint, because they state only that the Complaint made a legal conclusion. The Court, further, concludes that responses 60, 74, 97, 106, 115-119, and 127 respond to the Complaint, because in these responses, the Defendants denied the allegations in the Complaint. The Court will, accordingly, deny Martinez' request that the Court require the Defendants to amend responses 60, 74, 97, 106, 115-119, and 127, and the Court will order the Defendants to amend paragraphs 1 through 6 to comply with the requirements in rule 8(b).

### A. THE COURT ORDERS THE DEFENDANTS TO AMEND PORTIONS OF THEIR ANSWER IN WHICH THEY STATE ONLY THAT THE COMPLAINT MAKES LEGAL CONCLUSIONS.

The Court agrees that portions of the Defendants' Answer do not comply with rule 8(b). Rule 8 requires defendants responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). In addition to a denial or admission, a party may also respond that it "lacks knowledge

or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial.  Fed. R. Civ. P. 8(b)(5).  "Rule 8(b) therefore permits only three possible responses to a complaint: (1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which is deemed a denial."  Lane v. Page, 272 F.R.D. at 602.

"Defendants must respond to all of a plaintiff's allegations."  Lane v. Page, 272 F.R.D. at 602 (citing Fed. R. Civ. P. 8(b)(1)(B) ("In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an opposing party.")).  "Responses that documents speak for themselves and that allegations are legal conclusions do not comply with rule 8(b)'s requirements."  Lane v. Page, 272 F.R.D. at 602 (citing Thompson v. Ret. Plan for Emps of S.C. Johnson & Sons, Inc., 2008 WL 5377712, at *1–2 ("Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations 'constitute conclusions of law.' . . . Similarly, Rule 8 does not permit a defendant to respond that the document 'speaks for itself.'"  (quoting State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)(Shadur, J.));  N. Ind. Metals v. Iowa Exp., Inc., No. 2:07–CV–414–PRC, 2008 WL 2756330, at *3 (N.D. Ind. July 10, 2008)(Cherry, M.J.)("[A] responsive pleading indicating that a document 'speaks for itself' is insufficient and contrary to the Federal Rules of Civil Procedure."));  Rudzinski v. Metropolitan Life Ins. Co., 2007 WL 2973830, at *4 (stating that a defendant may not simply employ "summarizing language" and then state, "essentially, that the terms of the referenced documents speak for themselves.");  State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. at 278 ("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.'  That of

course violates the express Rule 8(b) requirement that all allegations must be responded to."). "Indeed, legal conclusions are an 'integral part of the federal notice pleading regime.' Therefore, legal conclusions must be addressed in one of the three ways contemplated by Rule 8." Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc., 2008 WL 5377712, at *1 (quoting State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. at 278)(citing Hotel Emps. & Rest. Emps. Int'l Union Welfare Fund v. Aramark Servs., Inc., No. 99 C 5726, 1999 U.S. Dist. Lexis 17375, at *2 (N.D. Ill. Nov. 4, 1999))(Shadur, J.); Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995)).

In paragraphs 106, 115 to 119 and 127, the Defendants assert that the Complaint made a legal conclusion, but they also deny the allegations. See Answer ¶ 115, at 11 ("Paragraph 115 of the Complaint states a legal conclusion and, therefore, does not require a response. To the extent a response is required, Defendants deny the allegations contained in Paragraph 115 of the Complaint.). This Court has found that such responses comply with rule 8. See N. New Mexicans Protecting Land Water & Rights v. United States, 2015 WL 8329509, at *10 ("Although the Defendants state that Northern New Mexicans Complaint makes a legal conclusion, they nevertheless respond pursuant to rule 8."). As in Northern New Mexicans Protecting Land Water & Rights v. United States, the Court will not require the Defendants to amend these answers. While the Defendants are wrong in stating that they do not have to respond, they said that if wrong, the allegations are denied. The Defendants thus did one of the three actions rule 8 contemplates in responding to allegations and satisfy rule 8. See Fed. R. Civ. P. 8(b); Lane v. Page, 272 F.R.D. at 602.

In paragraphs 1 through 6, however, the Defendants declined to respond to the allegations. The Defendants stated only that the items are "legal conclusion[s]." Answer ¶ 1, at 2. See Answer ¶ 1, at 2 ("Paragraph 1 of the Complaint states a legal conclusion and, therefore, does not require a response."). Because the responses do not address the allegations in one of the three ways rule 8 requires -- admit, deny, or make a disclaimer about a lack of information -- paragraphs 1 through 6 do not comply with rule 8. See Lane v. Page, 272 F.R.D. at 602. In Lane v. Page, the Court concluded that similar responses coupled with a general denial satisfied rule 8, because the general denial responded to the allegations. See 272 F.R.D. at 603 ("Because the statements that documents speak for themselves and that allegations are legal conclusions are neither admissions nor denials, the statements do not specifically admit the allegations, and the allegations are denied under the general denial."). The Defendants have offered no general denial here.

Martinez asks the Court to deem non-responsive answers admitted, according to rule 8(b)(6). Previously, the Court has given defendants who filed similar answers opportunities to amend their responses. See Kassa v. Plans Admin. Comm. of Citigroup, Inc., No. CIV 10-0933 JB/ACT, 2011 WL 13289818, at *4 (D.N.M. July 27, 2011)(Browning, J.)("The Court will therefore require the Defendants to amend their responses to paragraphs 39, 40, 41, 43, 45, 47, 48, 73, 74, and 85 of Kassa's Complaint to comply with rule 8(b)'s requirement that they admit, deny, or disclaim adequate knowledge to respond."); Lane v. Page, 272 F.R.D. at 603 ("The Individual Defendants, on the contrary, did not file a general denial. . . . [I]f they do not amend their answer, they are deemed to have admitted the allegations."). Accordingly, the Court will require the Defendants to amend their responses to paragraphs 1-6 of the Complaint.

## B. THE COURT WILL NOT ORDER THE DEFENDANTS TO AMEND RESPONSES 60, 74, OR 97.

Martinez also asks the Court to order the Defendants to amend responses 60, 74, and 97. See Tr. at 22:15-19; Motion to Strike ¶¶ 11-15, at 5-6; Motion to Strike Reply ¶¶ 12-13, at 6. Martinez describes the Defendants as "review[ing] the averment and answer[ing] only what [they] desire[]." Motion to Strike Reply ¶ 12, at 6. Because the Court concludes that the responses satisfy rule 8, the Court will decline Martinez' request.

While a defendant "must respond to all allegations," Lane v. Page, 272 F.R.D. at 602, and "address[] [the allegations] in one of the three ways contemplated by Rule 8," Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc., 2008 WL 5377712, at *1, a defendant is "not limited to either an admission, denial, or a disclaimer of sufficient information or knowledge," Vreeland v. First Sav. Bank, No. 15-CV-0993 LAM/SMV, 2016 WL 3460761, at *3 (D.N.M. Feb. 5, 2016)(Browning, J.)(refusing to strike responses "that are not limited to either an admission, denial, or a disclaimer of sufficient information or knowledge"). Rule 8(b)(2) requires a party to "fairly respond to the substance of the allegation" when denying an allegation, and Rule 8(b)(4) requires a party to admit the part of an allegation that is true and deny the rest. Vreeland v. First Sav. Bank, 2016 WL 3460761, at *3.

Martinez contends that the Defendants have not responded to the Complaint in any of responses 60, 74, and 97. These allegations and responses state:

Paragraph 60:

> Complaint: "There was never a board action taken to eliminate Plaintiff's position, initiate a RIF and/or restructure." Complaint ¶ 60, at 8.

> Answer: "Defendants deny the allegations contained in Paragraph 60 of the Complaint. With respect to Plaintiff's position, Defendants

affirmatively state that since Plaintiff's position did not exist in the budget, no Board action was required to eliminate the position." Answer ¶ 60, at 7.

Paragraph 74:

> Complaint: "Coop policies do not prohibit non-employees from being in a Coop vehicle." Complaint ¶ 74, at 9.
>
> Answer: "Defendants deny there is a policy on this subject; however, Defendants affirmatively state that JMEC practice is that non-employee passengers must have authorization to ride in a JMEC vehicle and only a JMEC employee may drive or operate a JMEC vehicle." Answer ¶ 74, at 8.

Paragraph 97:

> Complaint: "The disclosure of employment based information violates JMEC's own policies." Complaint ¶ 97, at 10.
>
> Answer: "In response to Paragraph 97 of the Complaint, Defendants admit that policies exist and that the policies were followed. Defendants deny that any disclosure was made and deny any remaining allegations contained in Paragraph 97 of the Complaint." Answer ¶ 97, at 10.

While, in these responses, the Defendants have not limited their responses to an admission, denial or disclaimer, the Defendants have clarified which allegations they admit or deny. In responses 60 and 97, the Defendants state that they deny the allegations in the Complaint. <u>See</u> Answer ¶ 60, at 7; Answer ¶ 97, at 10. Martinez reads the qualification in response 60 as admitting her allegation. <u>See</u> Motion to Strike Reply ¶ 12, at 6. The response is less than clear. The Defendants answered the allegation with the denial, however. The Defendants are, after all, constrained by rule 11's requirements that the pleading be "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . . [T]he denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ.

P. 11(b)(4).  The Defendants do not categorically state that they admit or deny Martinez'

allegations in paragraph 74, but their response indicates the parts of the allegation they admit and

deny.  Hence, "[t]he Court finds . . . that [the Defendants'] responses reasonably comply with

these rules, and that [the Defendants have] properly responded to the substance of Plaintiff's

allegations and explained adequately which allegations are admitted and which ones are denied."

Vreeland v. First Sav. Bank, 2016 WL 3460761, at *3.  The Court accordingly will not require

the Defendants to amend responses 60, 74, or 97.

**IT IS ORDERED** that (i) Plaintiff's Opposed Motion to Strike Pursuant to Rule 12(f), or

in the Alternative Motion for a More Definite Statement Pursuant to Rule 12(e) as to Insufficient

Answers, filed June 4, 2018 (Doc. 13), is granted in part and denied in part and (ii) Defendants'

shall file an amended answer only as to their responses 1 through 6.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Dori Ellen Richards
Western Agriculture Resource and Business Advocates
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

M. Karen Kilgore
Cuddy & McCarthy, LLP
Santa Fe, New Mexico

    *Attorneys for the Defendants*